In the Matter of Disciplinary Proceedings Against
Bruce A. Bode, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Bruce A. Bode, Respondent.

Supreme Court

*No. 02–3244–D. Decided February 21, 2003.*

2003 WI 6

(Also reported in 657 N.W.2d 65.)

The Court entered the following order on this date:

On December 5, 2002, the Office of Lawyer Regulation filed a disciplinary complaint against Attorney Bruce A. Bode asking this court to impose reciprocal discipline identical to that imposed on Attorney Bode by the Illinois Supreme Court. That court suspended Attorney Bode's Illinois law license for one year, effective September 20, 2001. On December 10, 2002, this court issued an order to show cause directing Attorney Bode to show cause in writing by December 30, 2002 why the imposition of the identical discipline imposed by the Illinois Supreme Court would be unwarranted. Attorney Bode failed to respond to the order to show cause.

Attorney Bode was admitted to practice law in Wisconsin in 1990 and he became licensed to practice law in Illinois that same year. In 1992 Attorney Bode's Wisconsin license was suspended for his failure to pay dues to the Wisconsin State Bar. In 1993 his license was suspended for noncompliance with continuing legal education (CLE) requirements. His Wisconsin license remains suspended.

The one year suspension in Illinois resulted from misconduct involving ten separate clients and involved a pattern of failing to communicate with clients concerning the status of their cases, failing to timely complete legal matters, and failing to respond to inquiries from the Illinois Administrator of the Attorney Registration and Disciplinary Commission.

SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court should not accept as final the misconduct finding; or the misconduct justifies substantially different discipline here.

651

Neither OLR nor Attorney Bode contend, nor does this court find, that any of these three exceptions exist.

Accordingly,

IT IS ORDERED that the license of Bruce A. Bode to practice law in the state of Wisconsin be suspended for one year, effective the date of this order;

IT IS FURTHER ORDERED that this suspension does not affect the existing suspensions for failure to pay dues to the Wisconsin State Bar or failure to comply with CLE requirements which would also have to be satisfied in order for Attorney Bode's license to practice law in Wisconsin to be reinstated;

IT IS FURTHER ORDERED that Attorney Bode shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension.